IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY FLORIDA

CASE NO.:

PHILIPE CASTRO,

       Plaintiff,

v.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, PHILIPE CASTRO (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby sues Defendant, WAL-MART STORES EAST, LP, (hereinafter "WALMART"), and alleges:

## GENERAL ALLEGATIONS

1.    This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.      At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida.

3.      At all times material hereto, Defendant was and is a Foreign Limited Partnership which maintained a property for the regular transaction of its business in Palm Beach County, Florida.

4.      Venue is proper in this Court as the Defendant conducts business within Palm Beach County, Florida and the incident giving rise to this action occurred in Palm Beach County, Florida.

## FACTS GIVING RISE TO CAUSE OF ACTION

5.      On or about July 15th, 2025, Plaintiff was a customer and lawfully present business invitee at Defendant's store located at 2765 10th Ave N in Palm Beach County, Florida.

6.      On the above date, Plaintiff walked down aisle A14-A15 which had an active leak coming from the ceiling. Due to the leak the Defendant placed a container in an attempt to collect the water. However, the water splashed in and around the container causing the floor to be wet.

7.      At all times material hereto, Defendant had actual knowledge of the liquid on the floor of the aisle. Alternatively, the liquid on the floor of the aisle existed for such a length of time that, in the exercise of reasonable care, Defendant should have known about it; or the liquid was on the floor of the aisle with regularity and was therefore foreseeable.

8.      As Plaintiff walked through the aisle, he slipped in liquid which caused him to fall.

9.      As a result of the fall, Plaintiff sustained permanent bodily injury.

## COUNT I - PREMISES LIABILITY AS TO DEFENDANT

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 9 above as though they had been set forth herein and further states:

10.     At all times material hereto, the Defendant, WAL-MART, by and through its employees, agents, and assigns, owed a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises in a reasonably safe condition, and to warn Plaintiff of latent or concealed dangers, which are or should be known to the Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care.  The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a)     Negligently creating and/or allowing a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff;

b)     Negligently failing to maintain or adequately maintain the premises to prevent Plaintiff from encountering a hazardous condition;

c)     Negligently failing to inspect or adequately inspect the premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff;

d)     Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant;

e)     Negligently failing to warn the Plaintiff of said dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

11.     As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not

3

limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment in his favor against the Defendant, in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, and for any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, PHILIPE CASTRO, demands trial by jury on all issues triable as of right by jury.

Dated this 6th day of October 2025.

/s/ Andres Hermida
Andres Hermida, Esquire
Florida Bar Number: 1010725
MORGAN & MORGAN, P.A.
*Attorneys for Plaintiff*
703 Waterford Way, Suite 1050
Miami, FL 33126
Telephone: 305-929-1912
Facsimile: 305-929-1930
AHermida@forthepeople.com
JJaime@forthepeople.com

4