IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY FLORIDA

CASE NO.:

PHILIPE CASTRO,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## PLAINTIFF'S RULE 1.280(a) INITIAL DISCLOSURES

Plaintiff, PHILIPE CASTRO, by and through the undersigned counsel, and in compliance with Florida Rule of Civil Procedure 1.280(a)(1), hereby serves the following Initial Discovery Disclosures:

**(A) Plaintiff identifies the following names, address, telephone number, and email address of each individual likely to have discoverable information that Plaintiff may use to support their claim(s):**

1. Philipe Castro
   c/o Plaintiff's Counsel
   *The incident, liability, and damages.*

2. Benita Hernandez
   c/o Plaintiff's counsel
   *It is believed that Ms. Hernandez has information regarding damages and will also be serving as a before and after witness.*

3. Jose Chamul
   5874 S. 37th Ct
   Greenacres, FL 33463
   561-313-1787
   *Mr. Chamul will be serving as a before and after witness.*

4. Wesley L. Baber, MD
   HCA Florida JFK Hospital
   5301 S. Congress Ave.
   Atlantis, FL 33462
   *Dr. Barber was the emergency room physician who treated Plaintiff and has information regarding treatment and damages.*

5. Emily H Putney, DO
   Spine and Orthopedics Specialists
   2047 Palm Beach Lakes Blvd
   Suite 100
   West Palm Beach, Florida 33409
   *Dr. Putney treated the Plaintiff and has information regarding causation and damages.*

6. Milad Alam, MD
   Florida Spine Associates
   670 Glades Road #200
   Boca Raton FL US 33431
   *Treating physician with information on causation and damages.*

7. Rushi M. Patel, MD
   HCA Florida JFK Hospital
   5301 S. Congress Ave.
   Atlantis, FL 33462
   *Reading radiologist at hospital.*

8. Connie Leopard
   Advanced Diagnostic Group
   7408 Lake Worth Rd, ste 200
   Lake Worth, FL 33467
   *Transcriber at medical facility.*

9. Iserna Narcisse, APRN
   HCA Florida JFK Hospital
   5301 S. Congress Ave.
   Atlantis, FL 33462
   *Nurse at hospital.*

10. Roger Walker, DO
    Florida OrthoCare
    6415 Lake Worth Road, Suit 101
    Greenacres, FL 33463
    *Plaintiff's Treating Physican*

11. Records and Billing Custodian for Advanced Diagnostic Group.
    7408 Lake Worth Road Suite 200
    Lake Worth FL US 33467
    *Authentication of records from medical facility*

12. Records and Billing Custodian for Spine and Ortho Specialists of South Florida.
    2047 Palm Beach Lakes Blvd
    Suite 100
    West Palm Beach FL USA 33409
    *Authentication of records from medical facility*

13. Records and Billing Custodian for HCA Florida Brandon Hospital.
    PO Box 290789
    Nashville TN 37229-0789
    *Authentication of records from medical facility*

14. Records and Billing Custodian for Florida Spine Associates.
    670 Glades Road #200
    Boca Raton FL US 33431
    *Authentication of records from medical facility*

15. Records and Billing Custodian for H2TPT LLC, West Palm.
    1683 Forum Pl
    West Palm Beach, FL 33401
    *Authentication of records from medical facility.*

16. Records and Billing Custodian Florida OrthoCare
    6415 Lake Worth Road, Suit 101
    Greenacres, FL 33463

17. Records Custodian for Elite Imaging.
    8300 W. Sunrise Blvd.
    Plantation, FL 33322
    *Authentication of records from medical facility.*

18. Records Custodian for Radiology Physician Solutions of West Florida, LLC.
    1 Zotec Way
    Carmel, IN 46032
    *Authentication of records from medical facility.*

19. Records Custodian for ChiroFitness Centers.
    665 Southeast 10th Street
    Deerfield Beach, FL 33441
    *Authentication of records from medical facility.*

20. All non-objectionable witnesses disclosed by Defendants in the course of discovery.

21. Any and all witnesses, expert or otherwise, of the Defendants.

22. Any and all witnesses listed in any answers to interrogatories or identified in documents produced pursuant to any subpoena or request for production.

23. Any and all persons named in any and all hospital documents, medical records, or obtained in discovery or otherwise appearing in the Court file.

24. Any and all fact witnesses disclosed through discovery who were involved in the investigation of the incident which is the subject of this litigation or otherwise have knowledge of any issues involved in this cause and by virtue of specialized knowledge, skill, experience, training, or education may qualify to give expert opinion testimony.

25. Any and all expert witnesses who, due to the nature of the continuing discovery, may hereafter be retained in anticipation of giving expert opinion testimony at trial, subject to prompt and timely disclosure thereof to Defendants

26. Any evidentiary or expert witness necessary for photo, diagram, record, video, or other evidentiary authentication, including but not limited to investigators, journalists, freelance photographers, and records custodians.

27. Any applicable records custodians for any record or document listed on Plaintiff's Exhibit List.

Plaintiff reserves the right to amend/supplement this list as additional information becomes available in the course of discovery in this matter.

**(B) Documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support their claim(s):**

1. Medical records and/or diagnostic studies of any and all treating physicians, medical providers, and medical facilities pertaining to the medical care, treatment, and/or services rendered to or on behalf of Plaintiff.

2. Medical bills and/or statements of any and all treating physicians, medical providers, and medical facilities pertaining to the medical care, treatment, and/or services rendered to or on behalf of the Plaintiffs.

3. Medical Records and bills from Advanced Diagnostic Group.

4. Medical Records and bills from HCA Florida Bradon Hospital.

5. Medical Records and bills from Radiology Physician Solutions of West Florida.

6. Medical Records from Spine and Orthopedic Specialists.

7. Medical Records and bills from Elite Imaging.

8. Medical Records and bills from H2TPT LLC, West Palm.

9. Medical Records and bills from Florida Spine Associates.

10. Medical bills from Emergency Medicine Services of FL.

11. Medical bills from Florida OrthoCare.

12. Plaintiff's W-2's and tax documents.

13. Photographs from the incident scene.

14. Photographs of the area surrounding the incident scene.

15. Photograph of the tripping hazard with measurement.

16. Historic photographs of the location of the fall pulled from Google Maps

17. Photographs of Plaintiff's injuries.

18. Correspondence between Plaintiff and health insurer Cigna.

19. Correspondence between Plaintiff and health insurer Cigna's subrogation agent Conduent.

20. Curriculum vitaes of any and all treating physicians and medical providers providing medical care, treatment, and/or services to or on behalf of the Plaintiff and curriculum vitaes of any economists or vocational economists.

21. Any and all records (including policies and procedures) of the Defendant pertaining to the incident that is the subject of this matter.

22. Any and all policies of insurance providing coverage to the Defendant.

23. Any and all policies of insurance providing coverage to the Plaintiff.

24. Any and all records related to any and all health insurance policies pertaining to the incident that is the subject of this matter.

25. Any and all receipts for out-of-pocket expenses of the Plaintiff.

26. Any and all out-of-pocket expenses/prescriptions logs.

27. Photographs and video footage of the incident and/or incident scene.

28. Plaintiff's medical, treatment, and healthcare records and bills.

29. Mortality Tables.

30. AMA Guides.

31. Any and all interrogatories, answers, and exhibits thereto which have been completed in this action.

32. A summary of Plaintiff's damages (i.e. special damages, past medical expenses, loss of earnings, etc).

33. A summary of any and all out-of-pocket expenses incurred by Plaintiff concerning the subject incident.

34. Curriculum vitae of any and all treating physicians and medical providers providing medical care, treatment, and/or services to or on behalf of Plaintiff concerning the subject incident.

35. Any and all receipts for out-of-pocket expenses incurred by Plaintiff.

36. Any and all diagnostic films, trays, MRIs, or similar diagnostic tools depicting [Insert Plaintiff's name]'s injuries.

37. Any and all reports, charts, drawings, and/or graphs of any witnesses.

38. Any and all enlargements of any exhibits.

39. Any and all demonstrative aids.

40. Any and all deposition transcripts, deposition videos, and exhibits produced or used at deposition.

41. Any and all requests for production of documents or items, responses, and exhibits thereto that will be or have been served in this matter.

42. An and all requests for admissions, responses, and exhibits attached hereto that have or will be served in this matter.

43. Any and all exhibits listed by Defendant.

44. Any and all exhibits listed hereafter and noticed to Defendant.

45. Any and all radiographs or images depicting injuries to the Plaintiff.

46. Any and all anatomical charts and/or skeletal devices.

47. Any and all reports, charts, drawings, and/or graphs of any witness.

48. Any and all photographs of the Plaintiff pre and post-incident.

49. Any surgical photographs, videos, and/or animations and/or surgical video(s)/injection video(s).

50. Any and all presentations or photographs, measurements, exhibits, or file materials of any experts in this matter.

51. Any and all reports of any medical providers, vocational loss experts, and other expert witnesses.

52. Any and all impeachment materials/documents of all Defense experts.

53. Any and all measurements, videos, and/or photographs from the site inspection.

54. Any and all video, modules, reports, claim loss, prior incident histories, prior incident reports, prior incident statements, policies, procedures, incident report forms (blank or otherwise), employee handbooks, driver's logs, maintenance and repair records, employee personnel files, or any other documentation of any kind of Defendant.

55. Any and all other later disclosed exhibits as discovery is continuing.

56. Any and all pre-suit correspondence and/or documents

Copies of all the above documents in Plaintiff's possession will be provided to counsel for all parties under separate cover and will not be filed with the Court.

Plaintiff reserves the right to amend or supplement this disclosure as to the identity of documents and tangible things with regard to additional documents which may be disclosed during the discovery process.

The preceding disclosures express no opinion of and constitute no admission regarding the admissibility of any evidence in this or any other action.

**(C) A computation for each category of damages claimed by the Plaintiff (as of this date):**

1. Past medical bills/expenses from Plaintiff's Medical providers:

> HCA Florida JFK Hospital medical bill: $52,818.00 charged, $52,818.00 outstanding.
>
> Emergency Medicine Services of FL medical bill: $678 charged, $203.40 outstanding.
>
> Elite Imaging medical bill: $1,950.00 charged, $0.00 outstanding.
>
> Advanced Diagnostic Group medical bill: $300.00 charged, $0.00 outstanding.
>
> All medical bills have been requested and those listed above are what are currently in Plaintiff's possession. Plaintiff will supplement this response as bills for any additional medical expenses that have already accrued come into Plaintiff's possession.
>
> It is anticipated that Plaintiff's medical bills will continue to rise as additional treatment is incurred. Plaintiff will provide these additional bills upon their receipt.

2. Future medical expenses will be provided by Plaintiff's physicians or through expert testimony. These amounts have not yet been determined.

3. Non-economic damages: Plaintiff intends on seeking a significant amount of non-economic damages, but the specific amount has not been calculated. Plaintiff anticipates calculating varying amounts at trial. Ultimately, Plaintiff's non-economic damages will be determined by the jury

Plaintiff reserves the right to amend or supplement this disclosure as discovery is ongoing.

**(D) Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse payments made to satisfy the judgment**

1. Under information and belief, Plaintiff believes that the Defendant is self-insured with at limit of at least one million dollars ($1,000,000.00).

### **RESERVATION OF RIGHT TO AMEND/SUPPLEMENT**

Plaintiff reserves the right to amend or supplement these initial disclosures as required by Florida Rule of Civil Procedure 1.280(g).

[CERTIFICATE OF SERVICE ON FOLLOWING]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Hand Delivery this, the same date of service as that of the Summons and Complaint.

/s/ Andres Hermida
Andres Hermida, Esq.
FBN: 1010725
Yair S. Bengio, Esq.
FBN: 1058614
Morgan & Morgan
703 Waterford Way, Suite 1050
Miami, FL 33126
Telephone: (305) 929-1912
Facsimile:  (305) 929-1930
Attorneys for Plaintiff
E-Mail: AHermida@forthpeople.com
	JJaime@forthepeople.com
	yair.bengio@forthepeople.com