**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

###### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>PHILIPE CASTRO</u>
Plaintiff                                                                           Case # _____
                                                                                           Judge _____

vs.

<u>WAL MART STORES EAST LP</u>
Defendant

###### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

###### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most

definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
   ☐ Residential Evictions
   ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Andres Alejandro Hermida          Fla. Bar # 1010725
              Attorney or party                              (Bar # if attorney)

Andres Alejandro Hermida                          10/06/2025
  (type or print name)                       Date

- 3 -

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY FLORIDA

CASE NO.:

PHILIPE CASTRO,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, PHILIPE CASTRO (hereinafter "Plaintiff"), by and through the undersigned attorneys, and hereby sues Defendant, WAL-MART STORES EAST, LP, (hereinafter "WALMART"), and alleges:

## GENERAL ALLEGATIONS

1.    This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

1

2.      At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida.

3.      At all times material hereto, Defendant was and is a Foreign Limited Partnership which maintained a property for the regular transaction of its business in Palm Beach County, Florida.

4.      Venue is proper in this Court as the Defendant conducts business within Palm Beach County, Florida and the incident giving rise to this action occurred in Palm Beach County, Florida.

**FACTS GIVING RISE TO CAUSE OF ACTION**

5.      On or about July 15th, 2025, Plaintiff was a customer and lawfully present business invitee at Defendant's store located at 2765 10th Ave N in Palm Beach County, Florida.

6.      On the above date, Plaintiff walked down aisle A14-A15 which had an active leak coming from the ceiling. Due to the leak the Defendant placed a container in an attempt to collect the water. However, the water splashed in and around the container causing the floor to be wet.

7.      At all times material hereto, Defendant had actual knowledge of the liquid on the floor of the aisle. Alternatively, the liquid on the floor of the aisle existed for such a length of time that, in the exercise of reasonable care, Defendant should have known about it; or the liquid was on the floor of the aisle with regularity and was therefore foreseeable.

8.      As Plaintiff walked through the aisle, he slipped in liquid which caused him to fall.

9.      As a result of the fall, Plaintiff sustained permanent bodily injury.

## <u>COUNT I - PREMISES LIABILITY AS TO DEFENDANT</u>

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 9 above as though they had been set forth herein and further states:

10.     At all times material hereto, the Defendant, WAL-MART, by and through its employees, agents, and assigns, owed a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises in a reasonably safe condition, and to warn Plaintiff of latent or concealed dangers, which are or should be known to the Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care.  The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a)      Negligently creating and/or allowing a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff;

b)      Negligently failing to maintain or adequately maintain the premises to prevent Plaintiff from encountering a hazardous condition;

c)      Negligently failing to inspect or adequately inspect the premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff;

d)      Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant;

e)      Negligently failing to warn the Plaintiff of said dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

11.     As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not

3

limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment.  These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment in his favor against the Defendant, in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, PHILIPE CASTRO, demands trial by jury on all issues triable as of right by jury.

Dated this 6th day of October 2025.



  /s/ Andres Hermida                    
Andres Hermida, Esquire
Florida Bar Number:  1010725
MORGAN & MORGAN, P.A.
*Attorneys for Plaintiff*
703 Waterford Way, Suite 1050
Miami, FL 33126
Telephone:  305-929-1912
Facsimile:  305-929-1930
AHermida@forthepeople.com
JJaime@forthepeople.com

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY FLORIDA

CASE NO.:

PHILIPE CASTRO,

     Plaintiff,

v.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES

     **COMES NOW**, Plaintiff, PHILIPE CASTRO, by and through her undersigned attorneys, and hereby propound upon Defendant, WAL-MART STORES EAST, LP (hereinafter "WAL-MART" or "Defendant")., and pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached Interrogatories, answers to which will be due within forty-five (45) days from the date of service hereof.

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

1

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by

hand delivery this, the same date of service as that of the Summons and Complaint.

By:  _/s/ Andres Hermida_____
Andres Hermida, Esq.
FBN:  1010725
**MORGAN & MORGAN, P.A.**
*Attorneys for Plaintiff*
703 Waterford Way, Suite 1050
Miami, FL  33126
Telephone:  305-929-1912
Facsimile:  305-929-1930
AHermida@forthepeople.com
JJaime@forthepeople.com

2

## <u>INTERROGATORIES</u>

**PLEASE INSERT YOUR ANSWERS IN THE SPACE PROVIDED BELOW EACH INTERROGATORY.  SHOULD ADDITIONAL SPACE BE NEEDED, PLEASE ATTACH AN EXTRA SHEET.  "YOU" AND "YOUR" REFER TO THE DEFENDANT TO WHOM THESE INTERROGATORIES ARE DIRECTED.   DEFENDANT INCLUDES ALL AGENTS, SERVANTS, OR EMPLOYEES OF DEFENDANT.**

1.   State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

   **<u>ANSWER:</u>**

2.   Is the name of the Defendant correctly stated in the Complaint?  If not, please state the correct name and if applicable all name changes from the date of the alleged incident to the present.

   **<u>ANSWER:</u>**

3.   State the full name and address for the manager who was on duty at the time of the subject fall whose first name is "Shaiz."

   **<u>ANSWER:</u>**

4.   Are the date, time and place of the alleged incident correctly stated in the Complaint?  If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

   **<u>ANSWER:</u>**

5.   Please state whether any incident report was prepared by your employees, agents, and/or representatives in response to the incident giving rise to this action, and if so, please list the name, address and occupation of the current custodian of said incident report.

   **<u>ANSWER:</u>**

6.     Please list the name, telephone number, last known address, and employer of each and every employee employed by the Defendant and working at said location with knowledge of, and/or involvement in, the incident as alleged in the Complaint, including job title and nature of said person's involvement/knowledge.

       **ANSWER:**


7.     State the full name, address, occupation and employer of any and all persons who have investigated this incident for or on behalf of you, your attorneys, agents, insurance carrier, etc. This interrogatory does not seek the findings of any investigation, or any materials created in the anticipation of litigation. Rather it seeks the names of individuals conducting any investigation only.

       **ANSWER:**


8.     State full name, address, occupation and employer of any and all persons known to have any information concerning the incident alleged in Plaintiff's Complaint.

       **ANSWER:**


9.     State the full name, address, occupation and employer of all persons contacted by any investigators in their investigation of this incident. This interrogatory does not seek the findings of any investigation, or any materials created in the anticipation of litigation. Rather it seeks the names of individuals contacted by investigators who may be potential witnesses to this action.

       **ANSWER:**


10.    State the name, address, employer and telephone numbers of any and all persons known to you or to anyone acting on your behalf, who heard or saw or claims to have heard or seen any of the events or happenings that occurred immediately before, at the time of, or immediately after this incident.

       **ANSWER:**

4

11.     Have you, your agents, investigators, attorneys or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons described in your previous Interrogatory answers?  If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

        **ANSWER:**

12.     State the precise location where the incident alleged in the Complaint occurred, including the area specifically, where the Plaintiff was injured.

        **ANSWER:**

13.     Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by the Defendant to prevent the incident.

        **ANSWER:**

14.     State the frequency and dates of inspections of the area where this incident occurred for the 30-day period prior to the incident and the 24-hour period after this incident, which is the subject matter of this litigation.  State the name, address and job title of the person who made the last inspection prior to the incident.

        **ANSWER:**

15.     Did any person inspect the area where the Plaintiff was allegedly injured within 24 hours prior or subsequent to the alleged incident? If so, please state the name, title, and address of each person performing said inspection, the times or frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

        **ANSWER:**

16.     State whether you have within your possession, custody, or control any photographs, films, diagrams of the incident scene or objects connected with said incident.  Describe any and all such items.

        **ANSWER:**

5

17.     Please state whether or not you have experienced any other substantially similar incidents on the premises involved in this action within three (3) years prior to the date of the subject incident. Substantially similar incidents are defined as falls on transient substances at the subject store.

       <u>**ANSWER:**</u>

18.     If your answer to question 17 is yes, please list the name, address and telephone number for each and every individual involved in said incidents and describe the status of the individual (i.e., person falling, eye witnesses, guest, etc.)

       <u>**ANSWER:**</u>

19.     Please state the name, address and telephone number for those individuals responsible for maintaining the premises involved in this action on the date of the incident in question.

       <u>**ANSWER:**</u>

20.     Please give the name, address, and occupation of the person with your company who would have the most details concerning the maintenance and/or repair procedures utilized by your company on the premises involved in this action on the date of the incident in question.

       <u>**ANSWER:**</u>

21.     If you contend that Plaintiff acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely and how you came upon such knowledge.

       <u>**ANSWER:**</u>

22.     Does the Defendant or its attorneys intend to call any non-medical expert witnesses at the trial of this case?   If so, please state the name and address of each witness, their qualifications as an expert, the subject matter upon which they are expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion.

       <u>**ANSWER:**</u>

NOT A CERTIFIED COPY

6

23.     State whether there is liability insurance covering the Defendant(s) for this incident, including but not limited to primary and umbrella coverage.  If so, identify the insurance carrier(s), policy number(s) and applicable limits of liability.  You may provide a copy of any such policies in lieu of response.

        **ANSWER:**

24.     State whether the Defendant has any policies and/or procedures in place for warning of hazardous or dangerous conditions on the floor of the Defendant, WALMART's, premises. If yes, please state the name and address of the individual in possession, custody or control of said policies and/or procedures.

        **ANSWER:**

25.     Please state whether any notice was provided to Plaintiff, PHILIPE CASTRO, regarding the presence of a slick substance on the floor of the Defendant, WALMART's, premises in the area wherein Plaintiff was injured on the date of the subject fall.

        **ANSWER:**

26.     State Defendant's policy and/or procedure for collecting water dripping from above onto walking paths within the subject premises.

        **ANSWER:**

27.     State whether the Defendant received any complaints, correspondence, emails, and/or phone calls concerning defects, including but not limited to transient substances in the area where Plaintiff was injured, in the four (4) weeks prior to the date of her fall and if so, please state with specificity who received same, the date they were received, and who has possession, custody, or control of any records relating to same.

        **ANSWER:**

28.     State how long water was dripping above aisle A14-A15 on Defendant's subject premises before Plaintiff fell.

        **ANSWER:**

7

**<u>SIGNATURE PAGE</u>**

_____

Signature of Representative of
WALMART

STATE OF _____)

COUNTY OF _____)

     **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____, who is personally known to me or who has produced _____ as identification, being first duly sworn, deposes and says that he/she read the Answers to the foregoing Interrogatories, and that they are true and correct to the best of his/her knowledge.

     **SWORN TO AND SUBSCRIBED** before me this _____ day of _____, 2020.

_____

Notary Public (signature)

_____

Notary Public (type, print stamp commission)

My Commission Expires:

❑  Personally Known OR
❑  Produced Identification _____

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY FLORIDA

CASE NO.:

PHILIPE CASTRO,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, WAL-MART STORES EAST, LP

Plaintiff, PHILIPE CASTRO, by and through her undersigned attorneys, hereby requests, pursuant to Fla. Rules of Civil Procedure 1.350, that Defendant, WAL-MART STORES EAST, LP (hereinafter "WALMART"), produce for inspection or copying the documents set forth below. Defendant shall produce these documents at 703 Waterford Way, Suite 1050, Miami, FL 33126 within forty-five (45) days after service of this Request for Production as follows:

1. Any and all statements made by any witnesses to the subject accident at the subject place of business.

2. A true and correct copy of any and all statements made by the Plaintiff pertaining to or concerning the subject matter.

3. Color copies of any and all photographs of the area involved in the subject incident. This specifically includes any that were taken by any agents or employees of the Defendant within one (1) year of the incident in question.

4. A true and correct copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance

business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A true and correct copy of any and all documents created in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident and for substantially similar incidents for three (3) years prior to the date of accident. Substantially similar incidents are defined as falls on transitory substances at the Defendant's premises.

6.      A true and correct copy of any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections and other information about the inspections that might have been done on the date of the subject accident, as well as the six (6) months before that date in the area where the Plaintiff fell.

7.      A true and correct copy of any and all documents relating to any inspections and/or maintenance that may have been done on the date of the subject accident, the six (6) months before that date and the six (6) months after that date at the Defendant's premises for the area wherein the Plaintiff fell.

8.      A true and correct copy of any and all documents relating to any inspections and/or maintenance that may have been done on the date of the subject accident, the six (6) months before that date and the six (6) months after that date for the HVAC (Heating, Ventilation, and Air Conditioning) system at the Defendant's premises wherein the Plaintiff fell.

9.      A true and correct copy of any and all documents relating to any inspections and/or maintenance of the HVAC (Heating, Ventilation, and Air Conditioning) system for the subject premises.

10.     A true and correct copy of any and all documents or video relating to the training of employees as to the inspections, maintenance, and/or response to active leaks within Defendant's store.

11.      A true and correct copy of any and all documents relating to how water that is actively leaking from above is to be collected and/or retained on Defendant's premises.

12.     A true and correct copy of any and all documents relating to the maintenance and/or service of the HVAC (Heating, Ventilation, and Air Conditioning) system at the subject premises for the three (3) years prior to the incident up until the leak which caused the subject fall was resolved.

13.     A true and correct copy of any and all time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

14.     A true and correct copy of any and all inspection sheets and/or other documents for inspections that were used on the date of the subject accident, or that are now used by employees at the Defendant's premises, for inspections of the area where the Plaintiff was injured.

15.     A true and correct copy of any and all contracts or agreements with any entity used by the Defendant with any responsibilities for inspecting, cleaning, maintaining the Defendant's premises and/or the area where the Plaintiff was injured, or for training your

employees about such. This request is limited to those contracts in effect on the date of the subject incident.

16.     A true and correct copy of any and all written inspection, cleaning, and/or maintenance procedures or policies in place on the date of the subject incident, at the Defendant's premises for the area where Plaintiff was injured.

17.     A true and correct copy of any and all written inspection, cleaning, and/or maintenance procedures or policies in place for collecting water that is leaking from the ceiling or HVAC (Heating, Ventilation, and Air Conditioning) system on the date of the subject incident, at the Defendant's premises for the area where Plaintiff was injured.

18.     Any and all work orders, internal messages, internal memorandums, requests for service, requests for quotes or other written documentation addressing the discovery and repair of the leak above aisle A14-A15 present on the date of the subject incident.

19.     A true and correct copy of any and all safety inspection, and training manuals and/or videos and/or modules made available to any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises in general and/or the area where Plaintiff was injured, specifically This request is limited to those documents or materials which were in effect on the date of the subject incident.

20.     A true and correct copy of any and all documents, employee rosters or lists with the names, addresses, telephone numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises or maintaining the premises. This request is limited to those employees who were working at the time of the subject incident.

21.     A true and correct copy of any and all documents or lists with the names, addresses, telephone numbers, dates of birth, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject incident.

22.      A true and correct copy of any and all documents and/or employee handbooks maintained by the Defendant within one (1) year of the date of the subject incident concerning or relating to maintenance, accident investigation, cleaning, inspection, or safety precautions and protocols at the Defendant's premises.

23.     Color copies of any and all photographs taken of the incident/accident scene.

24.     A blank copy of an incident report form of the type used as part of the accident/incident investigation of the subject incident.

25.     A color copy(ies) of any surveillance video(s), photographs, or depictions taken of the Plaintiff by any investigative or surveillance company, including any and all notes, reports, and billing for same.

26.     Any and all policies, procedures and/or guidelines in effect at the time of the incident in question concerning transient substance identification, precautions, cleaning, and general facility maintenance for the premises in question.

27.     A true and correct copy of any security, CCTV, surveillance, or other video which captured Plaintiff's fall, and the area wherein Plaintiff fell, on the date of the subject incident. This request is limited in time to the two (2) hours before, and the one (1) hour after, the time of the subject incident.

28.     A true and correct copy of any security, CCTV, surveillance, or other video which captured Plaintiff at any point on the date of the subject incident.

29.     A true and correct copy of any and all work orders, calls for service, quotes, estimates, invoices, or correspondence pertaining to the leak or dripping drain pan in Aisle A14/A15 on the date of the subject incident, the six months prior to the date of the subject incident, and the month after the subject incident.

### <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to Defendant, together with the Summons and Complaint.

By: _/s/ Andres Hermida_____
Andres Hermida, Esq.
FBN: 1010725
**MORGAN & MORGAN, P.A.**
*Attorneys for Plaintiff*
703 Waterford Way, Suite 1050
Miami, FL  33126
Telephone:  305-929-1912
Facsimile:  305-929-1930
AHermida@forthepeople.com
JJaime@forthepeople.com



**MICHAEL A. CARUSO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT

5982801

Printed On:
10/06/2025 04:54
Page 1 of 1

| Receipt Number: 5982801 - Date 10/06/2025  Time 4:54PM | | | |
|---|---|---|---|
| **Received of:** | Andres Alejandro Hermida<br>2030 SW 82nd Ave<br>Miami, FL 33155 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 12438077 | **Remaining Balance:** | 0.00 |
| **Division:** | AI: Circuit Civil Central - AI(Civil) | | |

| Case# 50-2025-CA-010271-XXXA-MB -- PLAINTIFF/PETITIONER: CASTRO, PHILIPE | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 16588057 | **401.00** |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.


NOT A CERTIFIED COPY

Filing # 233063416 E-Filed 10/07/2025 07:04:28 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AI"
CASE NO.: 502025CA010271XXXAMB

PHILIPE CASTRO,
     Plaintiff/Petitioner
vs.
WAL MART STORES EAST LP,
     Defendant/Respondent.
_____/

## UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER
## AND ORDER SETTING TRIAL
### (DCMGJT)

    **THIS MATTER** is a Circuit Civil case calling for a jury trial. Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B) and 2.545(b), and Fifteenth Judicial Circuit Administrative Order 3.110 (as amended), **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent with the initial Complaint/Petition and Summons**.

    It is hereby **ORDERED AND ADJUDGED** that this case is designated to the **GENERAL TRACK** for time to disposition. The deadlines and procedures set forth in this Order will be strictly enforced unless changed by court order.

Consistent with the Professionalism Expectations of the Florida Supreme Court and the Florida Bar, the parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements. Self-Represented/*Pro Se* Litigants (i.e., those without counsel) are held to the same procedural and legal obligations as imposed upon counsel.

### I. SCHEDULING

    A. **Calendar Call**

        **YOU MUST APPEAR FOR A MANDATORY CALENDAR CALL on July 9, 2027 at 9:00 am**. The parties must be ready to try the case by that date. The actual trial period begins on the docket associated with this Calendar Call date as provided in Divisional Instructions or by court order.

        Calendar Call may be conducted in person, via Zoom or by e-calendar. All parties are instructed to review the Court's Divisional Instructions for specific procedures at www.15thcircuit.com/divisions.

FILED: PALM BEACH COUNTY, FL, MICHAEL A. CARUSO, CLERK, 10/07/2025 07:04:28 AM

Case No. 50-2025-CA-010271-XXXA-MB

At the Calendar Call, the Court may conduct a final case management conference. Attorneys who appear for Calendar Call must be prepared on all pending matters and have authority to make representations to the Court and enter into binding agreements concerning motions, issues, and scheduling. These include issues raised by the parties' Pre-Trial Stipulation; trial procedures; jury selection procedures; jury instructions and objections; and the need for any special equipment, courtroom facilities, or interpreters. An appearing attorney must be prepared to advise the Court of all attorneys' availability for trial and future hearings as necessary.

**This Order serves as notice to the parties that failure to attend Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.** *See* **Fla. R. Civ. P. 1.200(j)(6).**

B. **Case Management Deadlines**

The following deadlines strictly apply unless otherwise modified by the Court:

|     | **EVENTS** | **COMPLETION DEADLINE** |
| --- | --- | --- |
| 1. | Service of Complaint | February 3, 2026; service under extension is only by court order. |
| 2. | Answer and/or initial motions/objections directed to the pleadings (i.e. to dismiss or strike) | 20 days after service |
| 3. | Initial Discovery Disclosures | 60 days after service |
| 4. | Amendment of pleadings/Adding parties | June 13, 2026 |
| 5. | Resolution of all motions/objections directed to the pleadings and pleadings closed | August 2, 2026 |
| 6. | Disclosure of Expert Witness(es) | December 21, 2026 |
| 7. | Disclosure of Rebuttal Experts | January 20, 2027 |
| 8. | Inspections, Expert Witness Depositions and Compulsory Examinations completed | April 10, 2027 |
| 9. | File Witness & Exhibit Lists | April 20, 2027 |
| 10. | Completion of Discovery relating to Summary Judgment and *Daubert* Motions | April 10, 2027 |
| 11. | File and Serve Motion(s) for Summary Judgment and *Daubert* Motions | April 20, 2027 |
| 12. | File Rebuttal Witness Lists | May 10, 2027 |
| 13. | Completion of All Discovery | May 30, 2027 |
| 14. | Pre-Trial Meet & Confer | June 9, 2027 |
| 15. | File all Pre-Trial Motions (i.e. Motions in Limine) | June 9, 2027 |
| 16. | Deadline for Mediation | June 29, 2027 |
| 17. | Deposition Designations | June 29, 2027 |
| 18. | File Joint Pre-Trial Stipulation | June 29, 2027 |

| 19. | Deadline to hear ALL Motions | July 4, 2027 |
|-----|------------------------------|--------------|
| 20. | Jury Instructions and Verdict Form | July 6, 2027 |
| 21. | Calendar Call/Trial Ready Date | July 9, 2027 |
| 22. | Trial Period | Begins on the docket associated with the above Calendar Call date, as provided in Divisional Instructions or by court order. |

**Note: If the above deadlines fall on a weekend or holiday, please refer to Fla. R. Gen. Prac. & Jud. Admin. 2.514.**

The parties are expected to actively manage the case and to confer early and often to ensure compliance with the Florida Rules of Civil Procedure and this order in timely resolving this case. **The parties are encouraged to file, meet, and make disclosures prior to the deadlines imposed above, in order to ensure compliance with the Rules requiring timely disposition of cases**.

The Court may, at any time, modify this Order by entry of: 1) an Amended Trial Order, 2) an Amended Case Management Order; or 3) any other Order intended to establish a modified case resolution schedule, any of which shall supersede the deadlines set forth in this Order. The Court reserves the authority to expedite the trial setting and amend pretrial deadlines accordingly. The Court further retains its discretion to modify any provision herein.

C. **Motions**

Unless court approval is required to set a particular motion for hearing, the parties must expeditiously set all contested motions for hearing. All non-dispositive motions, including motions directed to the pleadings, must be scheduled for hearing within **five (5) days** of filing. Parties shall schedule the hearing for the first vacancy on the Court's docket when all parties are available. **Failure to schedule a hearing within five (5) days may result in the Court deeming the motion(s) abandoned without further notice or hearing**.

The moving party shall be the party responsible for securing the presence of a court reporter. The moving party shall advise all parties in writing in advance of the hearing or trial of the arrangements made, if any, for the presence of a court reporter, or shall advise all parties in advance of the hearing or trial that the moving party has chosen not to obtain a court reporter.

Before filing a non-dispositive motion, the movant must follow Rule 1.202 and Local Rule 4. Failure to comply with the requirements of Rule 1.202 and Local Rule 4 may result in sanctions against the non-compliant party.

The requirements of Rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel *(pro se)*.

Case No. 50-2025-CA-010271-XXXA-MB

D. **Extensions, Modifications and Continuances**

**Extensions of Deadlines Other than Trial/Calendar Call: All motions to extend deadlines must be filed prior to the deadline**. Untimely motions will be denied absent compelling circumstances and a showing of good cause.

The parties must strictly follow Rule 1.200(e) and Administrative Order 3.110 (as amended) when filing motions for extension or modification. If the parties agree, and the extension will not prevent the case from being trial ready by the original Calendar Call date, the parties may file a motion and submit for the Court's consideration an agreed order or proposed Amended DCMO, as applicable under Rule 1.200(e)(1). The motion shall identify which deadlines are requested to be extended and the basis for the request. Each agreed order or Amended DCMO must contain agreed-upon dates for all remaining deadlines and confirm that the Calendar Call date remains as previously set. The Court will accept the amendment or direct the parties to set a DCM Conference. **Agreements to extend the dates for the filing of Summary Judgment and *Daubert* motions, and for completion of discovery, must be set for hearing, and the parties must be prepared to address how the proposed extension will not affect the Calendar Call date.**

**Motions to Continue Trial:** Motions to continue trial must strictly comply with Rule 1.460. **Motions to continue are disfavored and will rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case**. Failure to timely complete discovery and/or file a motion for summary judgment shall not be grounds to continue the trial.

E. **DCM Conferences**

If any party is unable to meet the deadlines set forth in this Order for any reason, including unavailability of hearing time, the affected party must promptly set a DCM conference as described in Administrative Order 3.110 (as amended), identifying the hearing time requested and the pending motion(s). DCM conferences shall be scheduled through online scheduling (OLS) on either the Court's: 1) DCM - Case Management Conference docket; or 2) Uniform Motion Calendar, in accordance with Divisional Instructions.

II. **UNIFORM PRE-TRIAL PROCEDURE**

A. TIMELY SERVICE AND DEFAULTS

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within ninety (90) days, an Order will be issued directing service by the **ONE-HUNDRED TWENTY (120) DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **thirty (30) days** of the last default and set for hearing at the next available hearing time.

B. <u>INITIAL DISCLOSURES</u>

Within **sixty (60) days after service** on a defendant, and except as exempted by Rule 1.280(a)(2) or as ordered by the court, each party must, without awaiting a discovery request, provide to the other parties initial discovery disclosures in compliance with Rule 1.280(a), unless privileged or protected from disclosure.

C. <u>EXHIBITS AND WITNESSES</u>

No later than **eighty (80) days before Calendar Call**, each party shall file and exchange lists of all trial exhibits, names, and addresses of all trial witnesses. Each party's witness list must include a brief description of the substance and scope of the testimony to be elicited from each witness. Both sides must cooperate in the scheduling of all witness depositions.

Each party's exhibit list shall include each exhibit separately numbered and identified. Generic or prospective designations are not allowed (e.g. insurer's file, documents to be produced, etc.). Each party shall provide for a reasonable time and place for the other parties to review and copy the exhibits.

D. <u>EXPERT WITNESS DISCLOSURES</u>

In addition to the names and addresses of each expert retained to formulate an expert opinion, as well as any hybrid fact/expert witnesses, no later than **two-hundred (200) days before Calendar Call**, the parties must provide:

1. The subject matter about which the expert will testify;
2. The opinions to which the expert will testify;
3. A summary of the grounds and facts for each opinion; and
4. A copy of the expert's curriculum vitae.

**Each expert will be limited to testifying only about those matters which have been fully disclosed.**

Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. All parties shall cooperate in the scheduling of expert depositions.

The parties shall also provide answers to standard form expert interrogatories. All reports or other data compiled by each disclosed expert which are intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to all opposing parties at least 72 hours prior to the date of the

scheduled deposition.

**Rebuttal/Responsive Experts**

No later than **one-hundred seventy (170) days before Calendar Call**, the parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of all rebuttal/responsive expert witnesses' anticipated testimony to the same extent as the expert disclosure requirement above.

Within **thirty (30) days** following this disclosure, the parties shall make their rebuttal/responsive experts available for deposition. The experts' depositions may be conducted without further Court order.

E. REBUTTAL FACT WITNESSES AND EXHIBITS

No later than **sixty (60) days before Calendar Call**, the parties must file and exchange lists of names and addresses of all rebuttal fact witnesses and lists of any rebuttal exhibits.

F. ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS

At trial, the parties will be strictly limited to exhibits and witnesses previously disclosed absent agreement of the parties or order of the Court upon good cause shown. A party desiring to use an exhibit or witness discovered after counsel have conferred must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Failure to reserve objections constitutes a waiver. Use of the exhibit or witness may be allowed by the Court for good cause shown.

G. DEPOSITION DESIGNATIONS

No later than **ten (10) days prior to Calendar Call**, each party must serve deposition designations, or portions of depositions, each intends to offer as testimony. No later than **eight (8) days prior to Calendar Call**, each opposing party is to serve any counter (or "fairness") designations, together with objections to the depositions, or portions thereof, originally designated. No later than **five (5) days before Calendar Call**, each party must serve any objections to counter-designations served by an opposing party.

H. DISCOVERY COMPLETION

All discovery relating to Summary Judgment and *Daubert* motions must be

Case No. 50-2025-CA-010271-XXXA-MB

completed no later than **ninety (90) days prior to Calendar Call**.

All discovery must be completed no later than **forty (40) days prior to Calendar Call**.

Rulings as to admission on late discovery will be made on a case by case basis. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. <u>COUNSEL MEETING AND PRE-TRIAL STIPULATION</u>

Counsel or the parties, if not represented by counsel, shall meet in person at a mutually convenient time and place no later than **thirty (30) days before Calendar Call** to discuss settlement, simplify the issues, and stipulate to as many facts and issues as possible, and prepare a Pre-Trial Stipulation in accordance with this paragraph.

It shall be the duty of Plaintiff's counsel to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **ten (10) days prior to Calendar Call. UNILATERAL PRE-TRIAL STIPULATIONS ARE DISALLOWED, UNLESS APPROVED BY THE COURT AFTER NOTICE AND HEARING**. If a party does not receive a substantive response to a proposed Pre-Trial Stipulation after good faith effort, such party shall file a unilateral Pre-Trial Stipulation with a certification of all efforts that were made to confer with the opposing party. Counsel for all parties are charged with good faith cooperation in preparing the Pre-Trial Stipulation, and the parties shall make exhibits available for inspection and copying. Failure to cooperate in preparing the Pre-Trial Stipulation may result in striking pleadings, witnesses, or exhibits.

The Pre-Trial Stipulation must contain the following in separately numbered paragraphs:

1. Names and contact information of attorneys to try case.
2. A list of all pending motions requiring action by the Court. **Motions not listed are deemed abandoned or waived**.
3. A statement of estimated trial time, including the total number of trial days anticipated, and the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
4. **Statement of the Facts:** A concise statement of the facts in an impartial, easily understandable manner which may be read to the jury.
5. **Statement Facts and Agreed Rules of Law:** A list of any stipulated facts requiring no proof at trial and any agreed rules of law.
6. **Statements of Disputed Law & Fact:** A statement of disputed issues of law and fact that are to be tried.
7. **Witness Lists:** Parties must attach their previously filed Witness Lists, including rebuttal or impeachment witnesses. If any party objects to any

Case No. 50-2025-CA-010271-XXXA-MB

witness, such objections must be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties will be strictly limited to witnesses properly and timely disclosed. Only those witnesses listed by NAME will be permitted to testify at trial.

8. **Exhibit Lists:** Parties must attach their previously filed Exhibit Lists. All exhibits to be offered in evidence at trial must have been made available to opposing counsel for examination. Only those exhibits listed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the Pre-Trial Stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. PowerPoints, charts, enlargements of exhibits) to be used at a Jury Trial must be displayed to all counsel before being shown to the jury. All exhibits must be pre-marked and numbered consistent with Clerk guidelines.

9. **Jury Instructions:** Counsel must identify all agreed-upon standard jury instructions and all special instructions. Any objections or disputed jury instructions must be attached and identified as to the party that proposed the instruction [indicated in redline/track changes]. Copies of all agreed-upon instructions or disputed instructions must be attached to the Stipulation as one document, redlined as necessary, along with copies of supporting statutory citations and/or case law.

10. **Verdict Forms:** The jury verdict form must be attached and designated as agreed to or disputed.

11. **Peremptory Challenges:** State the number of peremptory challenges for each party.

12. Other agreements or issues for trial, if any.

Failure to file a Joint Pre-Trial Stipulation as provided above may result in Court-imposed sanctions, including dismissal or default without further notice of the Court.

J. <u>MOTIONS</u>

**Summary Judgment and *Daubert* Motions** must be filed at least **eighty (80) days before Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions and motions in limine), deposition objections, and expert challenges must be filed, served and heard at least **five (5) days before Calendar Call**.

K. <u>PRE-MARKING EXHIBITS</u>

Prior to trial, each party is to mark for identification all exhibits in accordance with the guidelines of the Clerk of Court. Instructions and templates may be found at: www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence.

L. <u>ENLARGED JURY PANELS</u>

Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. **To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least six (6) months before Calendar Call**. Failure to timely request an enlarged panel may result in Court-ordered sanctions, including a limitation on peremptory challenges.

M.  <u>INTERPRETERS</u>

Unless otherwise ordered by the Court, it shall be the responsibility of the party who needs the services of an interpreter, whether for a litigant or for a witness, to have a competent interpreter present in court.

N.  <u>JURY INSTRUCTIONS AND VERDICT FORM</u>

A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **three (3) days before Calendar Call** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

O.  <u>UNIQUE QUESTIONS OF LAW</u>

Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

III. **<u>MEDIATION</u>**

A.  <u>MEDIATION REQUIRED</u>

1.  All parties are required to participate in mediation.

2.  The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.

3.  At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.

4.  All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

5.  The mediator has no power to compel or enforce a settlement agreement. If a

Case No. 50-2025-CA-010271-XXXA-MB

settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. <u>MEDIATION SCHEDULING</u>

**The Plaintiff's attorney is responsible for scheduling mediation**. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. <u>COMPLETION OF MEDIATION BEFORE CALENDAR CALL</u>

Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than **ten (10) days prior to Calendar Call**. If mediation is not conducted, or if a party fails to participate in mediation, the Court may impose sanctions, including monetary sanctions, striking pleadings and witnesses, and dismissal or default without further notice of the Court.

D. <u>OPPOSITION TO MEDIATION</u>

Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

IV. **<u>NON-COMPLIANCE</u>**

**NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE PLEADINGS, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL WITHOUT FURTHER NOTICE OF THE COURT, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2025-CA-010271-XXXA-MB     10/07/2025
G. Joseph Curley, Jr.     Circuit Judge

50-2025-CA-010271-XXXA-MB     10/07/2025
G. Joseph Curley, Jr.
Circuit Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

# ADA NOTICE

Case No. 50-2025-CA-010271-XXXA-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 234197976 E-Filed 10/22/2025 10:32:16 AM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY FLORIDA

CASE NO.:  50-2025-CA-010271-XXXA-MB

PHILIPE CASTRO,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## SUMMONS

**THE STATE OF FLORIDA:**

To each sheriff of the State:

      **YOU ARE COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Serving Interrogatories, and Request for Production in the above-styled cause upon the Defendant, WAL-MART STORES EAST, LP.:

**C T Corporation System**
**1200 South Pine Island Road**
**PLANTATION, FL 33324**

      Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney: **Andres Hermida, Esq., Morgan and Morgan, P.A.** whose address is: **703 WATERFORD WAY, SUITE 1000 MIAMI, FL 33126; (305) 929-1912 AHermida@forthepeople.com; JJaime@forthepeople.com** within 20 days* after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Dated on: **Oct 24 2025**

Clerk of the Courts

By: _____

As Deputy Clerk    **JOSIE LUCCE**

*Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la

persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## **REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

In accordance with the Americans with Disabilities Act, if you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusvalida que necesita algun acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; telefono numero (561) 355-4380, por lo menos 7 dias antes de

la cita fijada para su comparecencia en Ios tribunales, o inmediatamente despues de recibir esta notificacion si el tiempo antes de Ia comparecencia que se ha programado es menos de 7 dias; si usted tiene discapacitacion del oido o de Ia voz, llame al 711."

"Si ou se yon moon ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn Iajan pou w peye, gen pwovizyon pou jwen kek ed. Tanpri kontakte William Hutchings, Jr., koodonate pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach Ia ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefon Ii se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou paret nan tribinal Ia, oubyen imedyatman apre ou fin resevwa konvokasyon an si le ou gen pou w paret nan tribinal la mwens ke 7 jou; si ou gen pwoblem pou w tande oubyen pale, rele 711.

Andres Hermida, Esquire
Morgan & Morgan, P.A.
703 Waterford Way, Suite 1050
Miami, FL  33126
(305)929-1912
ahermida@forthepeople.com
JJaime@forthepeopole.com

NOT A CERTIFIED COPY



**MICHAEL A. CARUSO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
6009145

Printed On:
10/24/2025 01:06
Page 1 of 1

| Receipt Number: 6009145 - Date 10/24/2025  Time 1:06PM | |
|---|---|
| **Received of:** | Andres Alejandro Hermida<br>2030 SW 82nd Ave<br>Miami, FL 33155 |

| **Cashier Name:** | ADMIN | **Balance Owed:** | 10.00 |
|---|---|---|---|
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 12465618 | **Remaining Balance:** | 0.00 |
| **Division:** | AI: Circuit Civil Central - AI(Civil) | | |

| Case# 50-2025-CA-010271-XXXA-MB -- PLAINTIFF/PETITIONER: CASTRO, PHILIPE | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 16754973 | **10.00** |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



Filing # 235771622 E-Filed 11/13/2025 07:37:38 PM

# RETURN OF SERVICE

| State of Florida | County of Palm Beach | Circuit Court |
|---|---|---|

Case Number: 50-2025-CA-010271-XXXA-MB

Plaintiff:
**PHILIPE CASTRO**

vs.

Defendant:
**WAL-MART STORES EAST, LP**

For:
ANDRES HERMIDA
MORGAN & MORGAN, P.A.

Received by Prestige Process to be served on **WAL-MART STORES EAST LP CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD # 250, PLANTATION, Broward County, FL 33324**

I, Roy Bates, do hereby affirm that on the **6th day of November, 2025** at **3:58 pm, I:**

served a **LIMITED PARTNERSHIP** by delivering a true copy of the **SUMMONS, COMPLAINT, NOTICE OF SERVICE OF INTERROGATORIES, PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, WAL-MART STORES EAST, LP AND UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER AND ORDER SETTING TRIAL** with the date and time of service, my initials, and identification number endorsed thereon by me to **Jasmine Gary, an Intake Specialist, employed by the Registered Agent CT Corporation System** at the address of **1200 S Pine Island Road - Ste 250, Plantation, FL 33324** on behalf of **WAL-MART STORES EAST LP CT CORPORATION SYSTEM**. I informed said person of the contents therein. Jasmine Gary is described as a Black female, estimated age of 28 years old with dark brown hair, 5' 3" tall, weighing 100 lbs, and was wearing glasses. Service was effectuated pursuant to F.S. 48.081 (3)(a) . Actual service location: (26.1056,-80.2614) accuracy 36 m.

Under Florida Statute 92.525 (2), I acknowledge that I am a Special Process Server in good standing in the Judicial Circuit in which service was effected in Broward County, that I am over the age of 18, and that I am not a party to, nor interested in, the outcome of the above-entitled suit. Under penalties of perjury, I declare I have read the foregoing verified Return of Service, and the facts stated in it are actual—no Notary Required.

**Roy Bates**
SPS #1383

11/6/2025
**Date**

**Prestige Process**
**16853 NE 2nd Ave. Suite 303**
**Miami, FL 33132**
**(786) 916-2424**

Our Job Serial Number: PPJ-2025013019
Ref: 18106852

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e



Filing # 236480258 E-Filed 11/24/2025 04:44:53 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 502025CA010271XXXAMB

PHILIPE CASTRO,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Wal-Mart Stores East, LP ("Walmart"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), and states as follows:

## ANSWER TO COMPLAINT

1.     Walmart is without knowledge as to the allegations of paragraph 1 of the Complaint, and therefore denies same.

2.     Walmart is without knowledge as to the allegations of paragraph 2 of the Complaint, and therefore denies same.

3.     Walmart admits that it is a foreign limited partnership doing business in the State of Florida, including Palm Beach County, Florida, and that on July 15, 2025, it owned and operated store #5882 located at 2765 10th Ave N., Palm Springs, FL. Walmart denies any remaining allegations of paragraph 3 of the Complaint.

4.      Walmart denies the allegations of paragraph 4 of the Complaint as phrased, but states that it is not contesting venue in this case.

5.      Walmart admits that on July 15, 2025, it owned and operated store ████ located at 2765 10th Ave N., Palm Springs, FL, and denies any remaining allegations of paragraph 5 of the Complaint.

6.      Walmart denies the allegations of paragraph 6 of the Complaint.

7.      Walmart denies the allegations of paragraph 7 of the Complaint.

8.      Walmart denies the allegations of paragraph 8 of the Complaint.

9.      Walmart denies the allegations of paragraph 9 of the Complaint.

## COUNT I – PREMISES LIABILITY AS TO DEFENDANT

Walmart restates and reincorporates its responses to paragraphs 1 through 9 in responding to the unnumbered paragraph immediately preceding paragraph 10 of the Complaint.

10.      Walmart denies the allegations of paragraph 10 of the Complaint regarding the duty allegedly owed to Plaintiff to the extent the language therein does not comport to applicable statutory language or case law. Walmart denies all remaining allegations of paragraph 10 of the Complaint, including all subparts.

11.      Walmart denies the allegations of paragraph 11 of the Complaint.

## GENERAL DENIAL

All allegations, contentions, claims or prayers for relief not specifically admitted to are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

CASE NO. 502025CA010271XXXAMB

### Second Affirmative Defense

Any negligence that caused or contributed to the injuries of Plaintiff was solely the result of negligence on the part of third parties and other individuals or entities who may be discovered through the discovery process, and were not under the care, custody, control, or supervision of Walmart and therefore, Plaintiff cannot recover against Walmart. Pursuant to *Nash v. Wells Fargo Guard Service, Inc.,* 678 So.2d 1262 (Fla. 1996), Walmart will seek leave to amend to identify such non-parties or persons as they become known and with due notice to Plaintiff.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part because of Plaintiff's own negligence. Pursuant to Fla. Stat. § 768.81(6), because Walmart was not comparatively negligent and/or because Plaintiff was more than 50% comparatively negligent, Plaintiff is barred from recovery. Alternatively, Plaintiff's damages must be reduced in proportion to his fault under Fla. Stat. § 768.81(2).

### Fourth Affirmative Defense

Walmart is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Florida Statutes § 768.81.

### Fifth Affirmative Defense

Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur.  Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to Plaintiff's own negligence.

### Sixth Affirmative Defense

Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

### Seventh Affirmative Defense

Walmart did not have actual or constructive notice of the alleged dangerous condition or defect and is otherwise not liable pursuant to Florida Statutes § 768.0755.

### Eighth Affirmative Defense

Walmart had no actual or constructive notice of the alleged hazard and thus had no duty to warn or protect Plaintiff from said hazard and is otherwise not liable pursuant to Florida Statutes § 768.0755.

### Ninth Affirmative Defense

Plaintiff's recovery for medical damages is limited to only those medical expenses for which Plaintiff has become liable. *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2nd 956 (Fla. 2d DCA 2004); *see also Gulfstream Park Racing Ass'n, Inc. v. Volin*, 4D19-3471, 2021 WL 1997278, at *1 (Fla. 4th DCA May 19, 2021).

### Tenth Affirmative Defense

Plaintiff's damages, if any, must be reduced in accordance with Fla. Stat. §768.0427(4). Plaintiff may not recover damages for any amount which exceeds the admissible evidence of medical treatment or service expenses pursuant to Fla. Stat. §768.0427(2).

### Eleventh Affirmative Defense

At the time of the incident alleged in the Complaint, Plaintiff was suffering from pre-existing conditions, which caused or contributed to the damages Plaintiff is claiming.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the condition or defect alleged to have been present at the premises was open and obvious to Plaintiff. Further, the alleged condition was not inherently or unreasonably dangerous and was readily avoidable by Plaintiff.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's knowledge of the condition or defect alleged to be present at the premises was superior to or at least equal to Walmart's alleged knowledge and thus, Walmart had no duty to warn Plaintiff of such alleged condition or defect.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries and damages, if any, were the result of a superseding and/or intervening cause.

### Fifteenth Affirmative Defense

Walmart did not create any dangerous conditions for which it could be held liable for any failure to remedy or warn thereof.

### Sixteenth Affirmative Defense

Plaintiff knowingly and voluntarily assumed the risks inherent in the activity which he was engaging at the time, as well as to the conditions of which he now complains, thereby assuming the risk of injury and damages complained of and reducing his recovery proportionately.

### Seventeenth Affirmative Defense

Walmart is entitled to the benefits and protections regarding an itemized verdict as set forth in Florida Statutes § 768.77.

CASE NO. 502025CA010271XXXAMB

### Eighteenth Affirmative Defense

Walmart is entitled to a credit or set off for any payments received or receivable by Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever, including but not limited to payments from any health insurance, health plan benefits, Medicare, social security, or any other private or public funding source which either reimbursed Plaintiff for any other damages claimed in this case or reduced the amount of any bills of Plaintiff, as set forth in Florida Statutes § 768.76.

### Nineteenth Affirmative Defense

Plaintiff could have discovered any alleged danger on the premises by exercising reasonable care but failed to do so, thereby eliminating any liability for Plaintiff to recover from Walmart in this action as a matter of law.

### Twentieth Affirmative Defense

Plaintiff is barred from asserting a claim for medical expenses for any treatment rendered under a letter of protection (as defined in Fla. Stat. §768.0427(1)(d)) for failure to satisfy the condition precedent set forth in Fla. Stat. §768.0427(3).

### RESERVATION OF RIGHTS

Walmart reserves the right to amend these affirmative defenses as discovery proceeds and additional information becomes known.

### DEMAND FOR JURY TRIAL

Walmart demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendant, Wal-Mart Stores East, LP, respectfully requests the Court (i) deny the relief requested by Plaintiff, (ii) enter judgment in favor of Walmart and against

CASE NO. 502025CA010271XXXAMB

Plaintiff, (iii) award Walmart costs incurred in defending this action, and (iv) award Walmart such further relief the Court deems appropriate.


Respectfully Submitted,


By: *s/Felix J. Lopez*
    Felix J. Lopez
    Florida Bar No. 827142
    FASI & DIBELLO, P.A.
    5959 Waterford District Drive, Suite 300
    Miami, FL 33126
    Telephone: (305) 537-0469
    Facsimile:  (305) 503-7405
    flopez@fasidibellolaw.com
    nevot@fasidibellolaw.com
    pleadings@fasidibellolaw.com
    *Attorneys for Defendant*

CASE NO. 502025CA010271XXXAMB

**<u>CERTIFICATE OF SERVICE</u>**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court through the Court's E-Filing portal and served via e-mail on this <u>24th</u> day of November, 2025 to: Andres Hermida Esq. (AHermida@forthepeople.com; JJaime@forthepeople.com), Morgan & Morgan, P.A., *Attorneys for Plaintiff*, 703 Waterford Way, Suite 1050, Miami FL 33126.

By: *s/Felix J. Lopez* _____
      Felix J. Lopez

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 502025CA010271XXXAMB

PHILIPE CASTRO,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

      Defendant, WAL-MART STORES EAST, LP, by and through its undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.350, requests that Plaintiff, PHILIPE CASTRO, produce the following items requested below within thirty (30) days of the date of service hereof:

### DEFINITIONS

      1.    "You(r)" shall mean Plaintiff, PHILIPE CASTRO, including without limitation agents, representatives, employees, consultants, predecessors, successors, assigns, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, and others acting or purporting to act on Your behalf.

      2.    "Defendant" and "Walmart" shall mean Defendant, Wal-Mart Stores East, LP, and, if context so requires, shall include its agents or representatives.

      3.    "Complaint" means the operative complaint filed by You in this action.

4.      "Support(ing)" shall mean refer to, relate to, summarize, constitute, contain, analyze, study, explain, mention, show, discuss, support, refute, reflect, memorialize, describe, comment upon, or connect in any way factually or logically with, the matter therein.

5.      "Document(s)" shall have the broadest definition possible and include any book, paper, record, or other data or data compilation, whether written, typed, printed, electronically stored, recorded, or graphic of any kind or description, including originals, non-identical copies, and drafts, and includes all materials within the scope of Rule 1.350(a) of the Florida Rules of Civil Procedure.

6.      "Person(s)" shall mean any natural person, firm, partnership, association, joint venture, corporation, business trust, banking institution, limited liability company, unincorporated organization, or any legal entity or association.

7.      "Communication(s)" shall mean any oral, written, physical, or electronic transmission of a word, statement, fact, thing, idea, Document, instruction, demand, or question by any device or medium.

8.      The term "Concern(ing)" means embodying, referring to, relating to, summarizing, constituting, containing, analyzing, studying, explaining, mentioning, showing, discussing, supporting, refuting, reflecting, memorializing, describing, commenting upon, and/or connected in any way factually or logically with, the matter therein.

9.      The term "Incident" shall mean the incident alleged in the Complaint.

10.     "Letter(s) of Protection" shall mean the term as defined in Fla. Stat. §768.0427(1)(d).

11.     As used herein, the masculine includes the feminine and neuter; "each" includes and encompasses "every," and vice-versa; "any" includes and encompasses all, and vice-versa;

the terms "and" and "or" have both conjunctive and disjunctive meanings so as to be inclusive of any document, electronically stored information (ESI), or thing that might otherwise fall outside the scope of this request.

12.     References to the singular include the plural.

13.     The use of any tense of any verb includes all other tenses of the verb.

## **INSTRUCTIONS**

1.      Pursuant to applicable rules of civil procedure, You are required to obtain and furnish all information and documents available to You or in Your custody or control, or available or in the custody or control of any of Your representatives, employees, agents, brokers, servants, or attorneys, with the exception of privileged information or documents.

2.      Each request should be responded to separately.  However, a document which is a response to more than one request may, if marked or indexed, be produced to in a later response by its mark or index identifier.

3.      The documents produced in response to this request shall include all attachments and enclosures.

4.      If You believe that any of the requests calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which You raise objection and set forth the basis for Your claim of privilege with respect to such information You refuse to produce.

5.      If, for reasons other than a claim of privilege, You refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

6.      Each request includes a request for production of all preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments added to one copy of a document).

7.      If any documents requested have been lost or destroyed, the documents lost or destroyed must be identified by author, date and subject matter.

8.      For any document which was once in Your control, but is no longer, please indicate the date the document ceased to be in Your control, the manner in which it is ceased, and the name and address of its present custodian.

9.      If You do not agree with any definition of the terms provided herein, You are instructed to advise the requesting party of the reason for Your disagreement and provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

10.     These requests require the production of documents in the same form and in the same order as they are kept in the usual course of business or organized and labeled to correspond with the particular requests set forth below.  If You choose the former method, the documents are to be produced in the boxes, file folders, bindings, or other containers in which the documents are found.  The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact. Electronically stored information is to be produced in the form in which it is ordinarily maintained, or in another reasonably usable form upon agreement of the requesting party. Documents are to be produced for inspection and copying at the offices of the requesting party's counsel during normal business hours on or before the date production is due under Rule 1.350.

CASE NO. 502025CA010271XXXAMB

11.     Unless otherwise specified, all requests call for the production of documents from the inception of any communications or dealings between You and the Defendant regarding the subject matter of this action, through the date of your response hereto.

## REQUESTS FOR PRODUCTION

1.     Please produce any and all Documents concerning or supporting Your contention that Walmart was negligent.

2.     Please produce any and all Documents that evidence, support, refer or relate to Your contention that You were injured as a result of the alleged Incident.

3.     Please produce any and all photographs, videos, images, films, or depictions which show the area in which the alleged Incident that caused Your injury occurred.

4.     Please produce any and all photographs, videos, images, films, or depictions which show the alleged dangerous condition(s)/substance(s) You allege which caused serious bodily injuries.

5.     Please produce any and all Documents, including photographs, videos, and/or receipts, that depict or describe the clothes, including shoes, You were wearing at the time of the alleged Incident.

6.     Please produce any and all Documents which evidence Your purpose for visiting the premises at issue on the date of the alleged Incident (*e.g.* sales receipts or invoices).

7.     Please produce any and all Documents that evidence, support, refer or relate to any contention by You that Walmart had actual or constructive notice of the condition complained of in Your Complaint or that Walmart failed to warn You of said condition.

CASE NO. 502025CA010271XXXAMB

8.      Please produce any and all Documents, including photographs, videos, images, films, or depictions, which show or describe any injuries You contend were caused by the alleged Incident.

9.      Please produce any and all Documents reflecting any treatment You received at any time for any injuries allegedly sustained by You due to the alleged Incident, including but not limited to medical reports, bills, invoices, charts, graphs, x-rays, emergency medical service records, prescriptions, orthotics, ambulatory assistance devices, crutches, wheelchairs, home healthcare supplies, any other similar records and/or receipts for payment related to any of these Documents.

10.     Please produce any and all Documents reflecting any and all impairment ratings You received at any time, and any and all Documents which reflect that You achieved Maximum Medical Improvement, for any injuries allegedly sustained by You due to the Incident.

11.     Please produce any and all Documents Concerning any medical expenses incurred by You that You contend are causally related to the alleged Incident.

12.     Please produce any and all Documents that You contend reflect medical care or treatment causally related to the alleged Incident.

13.     Please produce any and all Documents Concerning any worker's compensation claim(s) You filed or were filed on Your behalf within the past ten years.

14.     Please produce any and all Documents Concerning any claim(s) for disability You filed or were filed on Your behalf within the past ten years.

15.     Please produce any and all Documents showing any treatment You received, at any time (including both before and after the alleged Incident), for any conditions, injuries,

mental or emotional conditions, or other complaints related to the same body parts or injuries which are the subject of Your damages claim.

16.     Please produce any and all Documents Concerning any services You received under Medicare, Medicaid, Medi-Cal, or another health insurance provider due to the alleged Incident, including any liens, payment records, invoices, reports, evaluations or other Documents that identify any claim number.

17.     Please produce any and all Documents pertaining to psychological care, consultation, evaluation, and treatment received from any healthcare provider, psychologist or psychiatrist that You received as a result of the alleged Incident.

18.     Please produce any and all Documents Concerning any allegations by You that You suffered emotional distress due to the alleged Incident.

19.     Please produce any and all Documents Concerning any witness statements or which contain the name, address, and telephone number of any witnesses to the alleged Incident.

20.     Please produce any and all Documents, including but not limited to, notes, journals, calendars and diaries, generated or maintained, for the purpose of documenting and/or memorializing any and all events related to the alleged Incident and/or Your alleged injuries arising from the alleged Incident.

21.     Please produce any and all Documents that support any contention by You that You suffered damages in the form of past or future lost income as a result of the alleged Incident.

22.     Please produce any and all correspondence between You and the agents, representatives, employees, or Persons otherwise acting on behalf of Walmart.

23.     Please produce any and all Documents which support any damages, expenses or financial losses which You are claiming as a result of the alleged Incident.

24.     Please produce any and all Documents which support any property damage You are claiming as a result of the alleged Incident, including repair estimates, invoices or canceled checks.

25.     Please produce any and all Documents Concerning any allegation by You that You suffer from a disability due to the alleged Incident.

26.     Please produce any and all Documents Concerning any allegation by You that You suffered a permanent injury due to the alleged Incident.

27.     Please produce any and all Documents Concerning Your efforts to mitigate Your damages alleged in the Complaint.

28.     Copies of all Letters of Protection from any medical provider that has provided You medical treatment related to Your alleged injuries.

29.     All billings for Your medical expenses related to treatment of Your alleged injuries, itemized and coded in accordance with Florida Statute 768.0427.

30.     All documents concerning any factoring company or third party to whom the accounts receivables for Your medical expenses related to Your alleged injuries were sold, including all documents concerning the dollar amount for which the factoring company or other third party purchased such accounts, and any discount provided below the invoice amount.

31.     All documents concerning Your health care coverage at the time medical treatment was rendered related to Your alleged injuries, including any and all insurance contracts and policies.

32.     All documents concerning Your current health care coverage, or any health care coverage for which You are currently eligible, that provides coverage for any future medical treatment or services You will receive, including any and all insurance contracts and policies.

33.　　All documents concerning referrals for treatment under a Letter of Protection, including all documents identifying the person who made the referral and, if the referral was made by the law firm representing You, all documents concerning the financial relationship between that law firm and any medical provider who treated You under a Letter of Protection, and all documents identifying the number of referrals, frequency, and financial benefit obtained.

34.　　If You had health care coverage but obtained treatment related to Your alleged injuries under a Letter of Protection or otherwise did not submit charges for any health care provider's medical treatment or services to health care coverage, all documents reflecting the amount Your health care coverage would pay the health care provider to satisfy the past unpaid medical charges under the insurance contract or regulation, plus Your share of medical expenses under the insurance contract or regulation, had You obtained medical services or treatment pursuant to the health care coverage.

35.　　If You have health care coverage other than Medicare or Medicaid, or are eligible for any such health care coverage, all documents reflecting the amount for which any future medical treatment or services You will receive from health care providers could be satisfied if submitted to such health care coverage, plus Your share of medical expenses under the insurance contract or regulation.

36.　　Please produce any and all Documents Concerning any release, settlement agreement or other writing or thing which limits, reduces or extinguishes the actual and/or potential liability of any party to this matter.

37.　　Please produce any and all Documents reviewed in preparation for or referenced in Your responses to Walmart's interrogatories served concurrently herewith.

38.     For each of your social networking accounts, provide copies or screenshots of all photographs associated with that account during the two (2) years prior to the date of Incident alleged in the Complaint.

39.     For each of your social networking accounts, provide copies or screenshots of all photographs associated with that account from the date of Incident alleged in the Complaint to the present.

40.     Electronic copies of all portions of your profile from social networking sites of which you are a member or hold an account, including, but not limited to: Facebook, Twitter, Pinterest, Snapchat, Tumblr, WhatsApp, Instagram, TikTok, Reddit, YouTube, LinkedIn, dating websites, *etc.* (including all updates, changes or modifications to your profile) and all status updates, profile information or other updates, messages, wall comments, causes joined, groups joined, activity streams, photographs, tagged photographs, blog entries, details, blurbs, comments, and applications, from two (2) years prior to the date of Incident alleged in the Complaint through today. To the extent electronic copies are unavailable, please provide the documents in hard copy form.

Directions to download copies of Your Facebook and Instagram Data/Activity for Requests for Production numbers 38-40 can be found in **Exhibit "A"**, attached hereto for your convenience. The directions to download Your Facebook and Instagram Data/Activity can also be accessed at: https://www.facebook.com/help/212802592074644/?helpref=uf_share and https://help.instagram.com/181231772500920/?helpref=uf_share.

41.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Walmart "owed a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises in a reasonably safe condition, and to warn Plaintiff

of latent or concealed dangers, which are or should be known to the Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care," as alleged in paragraph 10 of the Complaint.

42.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Walmart breached its alleged duty to Plaintiff by "Negligently creating and/or allowing a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff," as alleged in paragraph 10a. of the Complaint.

43.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Walmart breached its alleged duty to Plaintiff by "Negligently failing to maintain or adequately maintain the premises to prevent Plaintiff from encountering a hazardous condition," as alleged in paragraph 10b. of the Complaint.

44.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Walmart breached its alleged duty to Plaintiff by "Negligently failing to inspect or adequately inspect the premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff," as alleged in paragraph 10c. of the Complaint.

45.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Walmart breached its alleged duty to Plaintiff by "Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant," as alleged in paragraph 10d. of the Complaint.

46.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Walmart breached its alleged duty to Plaintiff by "Negligently failing to warn the Plaintiff of said dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care," as alleged in paragraph 10e. of the Complaint.

47.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that "As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future," as alleged in paragraph 11 of the Complaint.

48.     Any and all medical records within the last ten (10) years, including but not limited to, hospital records, x-rays, Nuclear Medicine, and other diagnostic tests, patient forms and questionnaires, physician office notes and reports, consults, correspondence, test results or any similar documents relating to your examination or treatment for injuries or sicknesses related to any cause other than the alleged Incident.

49.     Please produce any and all Documents Concerning claims made by You or payments made by any third party on Your behalf including payments made by any collateral source of indemnity, including but not limited to, any workers compensation carrier or the

CASE NO. 502025CA010271XXXAMB

Medicare program of Title XIX of the Social Security Act, concerning any damages which are alleged to be the subject of this lawsuit.

50.    Please produce any and all Documents Concerning any prescription drugs taken by You for a period of one (1) month prior to the date of the alleged Incident to the present.

51.    Copies of any Documents and Communications to or from You to or from anyone, including but not limited to your employer(s), friends, and family members, regarding the alleged Incident. This request excludes any privileged communications with Your attorneys.

52.    If you have ever owned a personal fitness tracker, including, but not limited to, a Fitbit, Jawbone, Garmin, Sony, Basis, Whoop strap, Apple Watch, or any other similar device, please produce any and all data synced with or related to the device for a period of two (2) years prior to the date of the alleged Incident through the present.

53.    If you have ever used any other fitness apps, devices, or equipment (such as, but not limited to, Peloton, NordicTrack, iFit, ProForm, CLMBR, Echelon, Myx, Tonal, FightCamp, Mirror, etc.) that can sync with any other electronic device including, but not limited to, a smart watch, cell phone, iPad/tablet, computer, please produce any and all data synced with or related to the device or app for a period of two (2) years prior to the date of the alleged Incident through the present.

Respectfully Submitted,

By: *s/Felix J. Lopez*
     Felix J. Lopez
     Florida Bar No. 827142
     FASI & DIBELLO, P.A.
     5959 Waterford District Drive, Suite 300
     Miami, FL 33126
     Telephone: (305) 537-0469
     Facsimile:  (305) 503-7405
     flopez@fasidibellolaw.com

nevot@fasidibellolaw.com
pleadings@fasidibellolaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court through the Court's E-Filing portal and served via e-mail on this 24th day of November, 2025 to: Andres Hermida Esq. (AHermida@forthepeople.com; and JJaime@forthepeople.com) Morgan & Morgan, P.A., Attorneys for Plaintiff, 703 Waterford Way, Suite 1050, Miami FL 33126.

By: *s/Felix J. Lopez*
Felix J. Lopez

# EXHIBIT A

 Help Center

# Download a copy of your information on Facebook

Android App Help      **Computer Help**      iPad App Help      iPhone App Help      More ▾

If you have additional Facebook profiles, you can download a copy of your Facebook information for each of your profiles using the **Download your information** tool.

Please note, some information collected from your additional profiles, including ads information, can only be accessed by downloading your Facebook information for your main profile, which is the first profile you create when you sign up for Facebook.

You can access **Download your information** under **Your information and permissions** in Accounts Center or through your Facebook settings.

## Request a download of your Facebook information from Accounts Center

1. Click on your profile picture in the top right, then click **Settings & privacy**.

2. Click ⚙ **Settings**.

3. Click **Accounts Center**, then click **Your information and permissions**.

4. Click **Download your information**.

5. Click **Download or transfer information**.

6. Select the profiles you'd like to download information from.

7. Click **Next**.

8. Select How much information you want to download and click **Next**. **Note**: if you select **Specific types of information**, you will be able to choose which kinds of information you want to download, including data logs.

9. Choose if you want to download your information to a device or directly transfer your information to a destination and click **Next**.

   - If you select **Transfer to destination** you can choose the destination and schedule future transfers. **Note**: When you choose a destination, you may be prompted to sign in to the destination's app or website.

   - Once you select the destination and frequency, click **Start transfer**. You will be prompted to enter your Facebook profile password.

   - If you select **Download to device**, choose your file options:

**File options**

10. Click **Submit request**.

**f** **Help Center**

1. Click your profile picture in the top right of Facebook.

2. Select **Settings & privacy**, then click **Settings**.

3. In the left column, click **Download your information**.

4. Click **Continue**.

5. Click **Download or transfer information**.

6. Select the profiles you'd like to download information from.

7. Click **Next**.

8. Select **How much information you want to download** and click **Next**. **Note:** if you select **Specific types of information**, you will be able to choose which kinds of information you want to download, including data logs.

9. Choose if you want to download your information to a device or directly transfer your information to a destination and click **Next**.

   - If you select **Transfer to destination** you can choose the destination and schedule future transfers. **Note:** When you choose a destination, you may be prompted to sign in to the destination's app or website.

   - Once you select the destination and frequency, click **Start transfer**. You will be prompted to enter your Facebook profile password.

   - If you select **Download to device**, choose your file options:

   **File options**

10. Click **Submit request**.

After you've made a download request, it will appear as **Pending** in the **Download your information** tool. When your file is ready you'll have 4 days to download your information from the **Available downloads** section on the Download your information page in **Accounts Center** or your **Facebook settings**. Downloading your files is a password-protected process that only you have access to.

If you've made a transfer request, we'll send an email notification and a notification on Facebook letting you know it's done. Completed transfers will appear in the **Previous transfers** section of the **Transfer your information** tool.

If you've made a transfer request, we'll send an email notification and a notification on Facebook letting you know it's done. Completed transfers will appear in the **Previous transfers** section of the **Transfer your information** tool.

## Download a copy of the information you requested

1. Go to the **Available downloads** section of the **Download your information** tool.

2. Click **Download** and enter your password.

You can also tap **Delete** to delete your download or **View past file requests** to see your past download requests.

You can also access this setting through the **Privacy Center**.

NOT A CERTIFIED COPY

Feedback

 **Help Center**

**Can you pick and choose which information you would like to download**

**Yes**. When you download a copy of your information on Facebook, you have control over which categories of information you want to include in the download, as well as which date range of information you want to include of the information you want to receive. These choices are available when you make the request for your information. Learn more about **what's included**.

You can also choose the quality of your media files (photos, videos) when you request a copy of your information. If you choose a higher quality version of your media, your download will be larger and take up more space.

**What's the difference between an HTML or JSON copy of your information**

When you request a copy of your information on Facebook, you can choose to receive it in an HTML or JSON format:

**HTML:** An easy to view format of your information on Facebook. You'll receive a ZIP file that, once opened and extracted, will contain an HTML file named **index** that you can open like a web page on your web browser. The ZIP file will contain folders with files, including any images and videos you've requested.

**JSON:** A machine readable format of your information that could allow you to transfer your information more easily when uploading it to another service.

**What security measures are in place to make sure someone else doesn☐t downlo ad a copy of your information**

We have a number of security measures in place to help keep your account secure and protect your information on Facebook. Before you can begin downloading a copy of your information, we'll first ask you to enter your password. We may also ask you to complete additional verification steps before allowing your download to begin. To help protect your account, your download request will expire after a few days, and you can always request a new one.

Our security systems are always running to help mitigate threats before they reach you and your friends on Facebook, and we offer tools like **Security Checkup** and **two-factor authentication** as additional ways to improve the security of your account. Learn more about **keeping your account secure**.

**Note:** Keep in mind that your information request may contain private information. You should keep it secure and take precautions when storing or sending it, or uploading it to another service. You can always select specific sections when requesting a copy of your information.

**How can you request your personal data stored by Facebook if you don't have an active Facebook account**

**If you deactivated your account:**

If you previously had a Facebook account but it's currently deactivated, you can **reactivate your account** by logging back into Facebook or by using your Facebook account to log in somewhere else.

Feedback

 Help Center

**If you deleted your account or have never signed up for one:**

If you deleted your Facebook account, you'll no longer be able to access information related to this account. Some information you shared may still appear on other people's Facebook accounts. For example, if you sent someone a message, they may still have their copy of the message similar to an email.

If you don't have a Facebook account but believe Facebook may have information about you, you can contact us to request a copy of your information.



Was this helpful?

Yes                                                    No

**Related Articles**

Information available to download from your Facebook profile

Download a copy of your Facebook Page

View your information on Facebook

Accessing & Downloading Your Information

Data scraping and what can you do to protect your information on Facebook



English (US)

About

Privacy

Terms and Policies

Ad Choices

Careers

Cookies

Create Ad

Create Page

Feedback

from ∞ Meta                                              © 2025 Meta



Help Center

Privacy, Security and Reporting ▪ Managing Your Privacy Settings

# Access and download your information on Instagram

Android App Help      iPhone App Help      **Computer Help**      Mobile Browser Help      More ▾

---

You may not have access to this setting in Accounts Center at this time. If you don't see this setting under **Your Information and Permissions** in Accounts Center, try accessing this setting through your Instagram settings.

You're in control of your information on Instagram. You can view your account information or download a copy of your information on Instagram at any time.

## Review your information in Accounts Center

1. Click ☰ **More** in the bottom left, then click ⚙ **Settings**.

2. Click **Accounts Center**, then click **Your information and permissions**.

3. Click **Access your information**.

You can also access this setting through your Instagram settings.

## Review your information in your Instagram settings

1. Click ☰ **Menu** in the bottom left, then click **Your Activity**.

2. Click **Account history** to view changes you've made to your account.

3. From here, you may be able to make additional changes by clicking on the change.

4. To filter your account history, click **Sort & filter** at the top and select your sorting preferences or the date range, then click **Apply**.

## Downloading a copy of your information on Instagram

If you want a copy of everything you've shared on Instagram, you can request a download of your information in a machine readable HTML or JSON format. You'll need your Instagram password to open the download link when your file is ready. Learn more if you've **forgotten your password or can't log in**.

## Download a copy of your information in Accounts Center

You can download your information by going directly to **Your information and permissions settings** in **Accounts Center**. Or you can follow these instructions:

1. Click ☰ **More** in the bottom left, then click ⚙ **Settings**.

2. Click **Accounts Center**, then click **Your information and permissions**.

3. Click **Download your information**, then click **Download or transfer information**.

4. Select the profiles you'd like to download information from.

Feedback

 Help Center

7. Choose if you want to download your information to a device or directly transfer your information to a destination.

- If you select **Transfer to destination** you can choose the destination and schedule future transfers. **Note**: When you choose a destination, you may be prompted to sign in to the destination's app or website.

- Once you select the destination and frequency, click **Start transfer**. You will be prompted to enter your Instagram password.

8. If you select **Download to device**, choose your file options:

- The date range

- The notification email

- The format of your download request.

- The quality of photos, videos and other media.

9. Click **Create files**.

You can also access this setting through your Instagram settings.

## Download a copy of your information in your Instagram Settings

1. Click ☰ **Menu** in the bottom left, then click **Your Activity**.

2. Click **Download your information**.

3. Click **Continue**.

4. Click **Download or transfer information**.

5. Select the profiles you'd like to download information from.

6. Click **Next**.

7. Select how much information you want to download and click **Next** if prompted.

8. Choose if you want to download your information to a device or directly transfer your information to a destination.

- If you select **Transfer to destination** you can choose the destination and schedule future transfers. **Note**: When you choose a destination, you may be prompted to sign in to the destination's app or website.

- Once you select the destination and frequency, click **Start transfer**. You will be prompted to enter your Instagram password.

9. If you select **Download to device**, choose your file options:

- The date range

- The notification email

- The format of your download request.

- The quality of photos, videos and other media.

10. Click **Create files**.

Feedback



Help Center

When your file is ready, we'll notify you by email and on Instagram. You'll have 4 days to download your information from the **Available downloads** section on the **Download your information** page in **Accounts Center** or your **Instagram settings**. Downloading your files as well as accessing your files is a password-protected process that only you have access to. Completed and expired downloads will appear in the **Past request** section of the **Download your information** tool.

If you've made a transfer request, we'll notify you by email and on Instagram when it's done. Completed transfers will appear in the **Previous transfers** section of the **Transfer your information** tool.

**Note:** It may take up to 30 days for us to email you a download link. Some information you have deleted may be stored temporarily for safety and security purposes, but will not appear when you access or download your information.

If you can't access your Instagram Account and still want to download a copy of your information, you can **contact us**.

Was this helpful?

Yes                    No

**Related Articles**

View and download your Threads information

Transfer your information to a service off of Instagram

Safe website browsing on Instagram Direct

Use less data on Instagram

Update your name, email and other personal information on Instagram

English (US)

About Us

API

Jobs

Terms

Privacy

Feedback

© 2025 Meta



Filing # 236480238 E-Filed 11/24/2025 04:44:53 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 502025CA010271XXXAMB

PHILIPE CASTRO,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____

## DEFENDANT'S NOTICE OF SERVICE OF ITS
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

      Defendant, WAL-MART STORES EAST, LP, by and through its undersigned counsel,

hereby gives notice of service of its First Set of Interrogatories to Plaintiff.


      Respectfully Submitted,


By: *s/Felix J. Lopez* _____
      Felix J. Lopez
      Florida Bar No. 827142
      FASI & DIBELLO, P.A.
      5959 Waterford District Drive, Suite 300
      Miami, FL 33126
      Telephone: (305) 537-0469
      Facsimile:  (305) 503-7405
      flopez@fasidibellolaw.com
      nevot@fasidibellolaw.com
      pleadings@fasidibellolaw.com
      *Attorneys for Defendant*

CASE NO. 502025CA010271XXXAMB

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court through the Court's E-Filing portal and served via e-mail on this <u>24th</u> day of November, 2025 to: Andres Hermida Esq. (AHermida@forthepeople.com; and JJaime@forthepeople.com)    Morgan & Morgan, P.A., *Attorneys for Plaintiff*, 703 Waterford Way, Suite 1050, Miami FL 33126.

By: <u>*s/Felix J. Lopez*</u>
Felix J. Lopez

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 502025CA010271XXXAMB

PHILIPE CASTRO,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____

## DEFENDANT, WAL-MART STORES EAST, LP'S
## NOTICE OF SERVICE OF INITIAL DISCLOSURES

     Defendant, WAL-MART STORES EAST, LP, by and through its undersigned counsel,

hereby gives notice of serving its initial disclosures pursuant to Rule 1.280(a), Fla. R. Civ. P.

     Respectfully Submitted,

     By: *s/Felix J. Lopez*_____
        Felix J. Lopez
        Florida Bar No. 827142
        FASI & DIBELLO, P.A.
        5959 Waterford District Drive, Suite 300
        Miami, FL 33126
        Telephone: (305) 537-0469
        Facsimile:  (305) 503-7405
        flopez@fasidibellolaw.com
        nevot@fasidibellolaw.com
        pleadings@fasidibellolaw.com
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

     WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

filed with the Clerk of Court through the Court's E-Filing portal and served via e-mail on this

NOT A CERTIFIED COPY

CASE NO. 502025CA010271XXXAMB

24th day of November, 2025 to: Andres Hermida Esq. (AHermida@forthepeople.com; and

JJaime@forthepeople.com) Morgan & Morgan, P.A., *Attorneys for Plaintiff*, 703 Waterford

Way, Suite 1050, Miami FL 33126.

By: *s/Felix J. Lopez*
   Felix J. Lopez

Filing # 236710013 E-Filed 12/01/2025 10:59:27 AM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY FLORIDA

CASE NO.:  50-2025-CA-010271-XXXA-MB

PHILIPE CASTRO,

     Plaintiff,

v.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

### PLAINITFF'S NOTICE OF SERVING RULE 1.280(a) INITIAL DISCLOSURES

COMES NOW the Plaintiff, PHILIPE CASTRO, by and through the undersigned attorney, and hereby notifies the Court that, pursuant to the Florida Rules of Civil Procedure 1.280, hereby gives notice of service of its Initial Disclosures to Counsel for Defendants, WAL-MART STORES EAST, LP, 1st day of December 2025.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to all counsel of record via electronic mail Served by the Florida E-Portal this 1st day of December 2025.

    By: _/s/ Andres Hermida_____
       Andres Hermida, Esq.
       FBN:  1010725
       MORGAN & MORGAN, P.A.
       *Attorneys for Plaintiff*
       703 Waterford Way, Suite 1050
       Miami, FL 33126
       Telephone:  305-929-1912
       Facsimile:  305-929-1930
       AHermida@forthepeople.com
       JJaime@forthepeople.com

NOT A CERTIFIED COPY

## SERVICE LIST

**_Counsel for Defendant_**
Felix J. Lopez, Esq.
Florida Bar No. 827142
FASI & DIBELLO, P.A.
5959 Waterford District Drive, Suite 300
Miami, FL 33126
Telephone: (305) 537-0469
Facsimile: (305) 503-7405
flopez@fasidibellolaw.com
nevot@fasidibellolaw.com
pleadings@fasidibellolaw.com